IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ASHINC CORPORATION, *et al.*, | : | Chapter 11 |
| | : | Bankr. No. 12-11564-CSS |
| Debtors. | : | (Jointly Administered) |
| | | |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS, | : | Adv. No. 13-50530-CSS |
| | : | |
| | : | Civ. No. 21-994-CFC |
| Plaintiff, | : | |
| BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | : | |
| Intervenors, | : | |
| v. | : | |
| YUCAIPA AMERICAN ALLIANCE FUND L.P., AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., | : | |
| Defendants. | : | |

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>            Plaintiff,<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>            Defendants. | Adv. No. 14-50971-CSS<br><br><br><br><br><br><br><br>Civ. No. 21-995-CFC |

Laura Davis Jones, David M. Bertenthal, Peter J. Keane, PACHULSKI STANG ZIEHL & JONES LLP, Wilmington, Delaware; Patricia L. Glaser, Gali Grant, Matthew P. Bernstein, GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP, Los Angeles, California,

   *Counsel for Appellants.*

Seth A. Niederman, FOX ROTHSCHILD LLP, Wilmington, Delaware; Gregory P. Joseph, Douglas J. Pepe, Gila S. Singer, JOSEPH HAGE AARONSON LLC, New York, New York; Jeffrey H. Zaiger, Judd A. Lindenfeld, ZAIGER LLC, Stamford, Connecticut,

   *Counsel for Appellee.*

## MEMORANDUM OPINION

August 2, 2021
Wilmington, Delaware

*[signature]*<br>CONNOLLY, CHIEF JUDGE

Appellants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. have appealed a $130 million judgment issued against them by the Bankruptcy Court on June 23, 2021 in an adversary proceeding. Under Federal Rule of Civil Procedure 62(b), a party that files an appeal in this Court from a bankruptcy court judgment "may obtain a stay [of the execution of the judgment and proceedings to enforce it] by providing a bond or other security." (Bankruptcy Rule 7062 makes Rule 62 applicable to adversary proceedings.) The Yucaipas want a stay of the enforcement of the judgment while their appeal is pending. But they don't want to post *any* bond or other security. Instead of offering to post a bond of *some* amount, they filed the *Emergency Motion for Stay of Effectiveness and Enforcement of Judgment Pending Appeal* (D.I. 4) pending before me. They ask by their motion that I stay the enforcement of the Bankruptcy Court's judgment pursuant to Bankruptcy Rule 8007. Alternatively, they ask that pursuant to Rule 62(h) I either stay the enforcement of the judgment or waive the bond requirement of Rule 62(b).

I.

The Bankruptcy Court issued the judgment from which the Yucaipas filed this timely appeal pursuant to Rule 54(b). The judgment disposed of some but not

1

all claims alleged against the Yucaipas by Appellee Catherine E. Youngman in two adversary proceedings: the so-called "Estate Action" (Adv. Proc. No. 13-50530-CSS) and the so-called "Lender Action" (Adv. Proc. No. 14-50971-CSS). Youngman is the Litigation Trustee for ASHINC Corporation and its affiliated debtors.

The Yucaipas intend to argue on appeal that I should overturn the Bankruptcy Court's judgment because the court made "numerous material errors." D.I. 4 at 2. The Yucaipas' primary argument—and the only argument that bears on the pending motion—is their contention that the Bankruptcy Court lacked the constitutional authority to grant summary judgment and award the Trustee $118 million in damages for a "non-core" breach of contract claim in the Estate Action. According to the Yucaipas, they never consented to the Bankruptcy Court's exercise of jurisdiction over that claim and therefore the Bankruptcy Court's adjudication of the claim violated their constitutional right to a jury trial in this Court. D.I. 4 at 26.

## II.

Bankruptcy Rule 8007(b)(1) permits a party to move in the district court for a stay of a bankruptcy court judgment pending the appeal of the judgment. When presented with a Rule 8007 motion, courts consider "(1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the

appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). "The most critical factors . . . are the first two: whether the stay movant has demonstrated (1) a strong showing of the likelihood of success and (2) that it will suffer irreparable harm—the latter referring to harm that cannot be prevented or fully rectified by a successful appeal." *Id.* (internal quotation marks and citations omitted). "[I]f the movant does not make the requisite showings on either of these [first] two factors, the [ ] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis." *Id.* at 571 (first alteration added) (citation omitted).

    The Yucaipas do not allege, let alone show, that requiring them to post a bond of some amount greater than zero would cause them harm that could not be prevented or fully rectified by a successful appeal. The Yucaipas say not one word about their finances; nor do they allege, let alone show, that they are incapable of paying the $118 million award, not to mention a bond of a lesser amount. They do state that if the Trustee were permitted to enforce the judgment at this time, they "would likely be dismembered well before this Court could resolve the appeal." D.I. 4 at 2; *see also* D.I. 4 at 26 (arguing that "the Trustee is likely to dismantle [the] Yucaipa[s] before" the appeal is adjudicated). But they allege no facts from

3

which it could be inferred that execution of the judgment would result in their "dismember[ment]." And in any event, speculation about what the Trustee might do does not constitute irreparable harm. *See In re Revel*, 802 F.3d at 571 ("To establish irreparable harm, a stay movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent." (internal quotation marks and citation omitted)).

The Yucaipas argue that they are entitled to a finding of irreparable harm because the Bankruptcy Court deprived them of a constitutional right. *See* D.I. 4 at 26 ("Inasmuch as [the] Yucaipa[s] ha[ve] an unqualified right to have [the Estate Action] claims decided in the first instance by a jury, the failure to stay the Judgment pending appeal would cause them irreparable harm."); D.I. 4 at 25 (arguing that "an alleged constitutional violation constitutes irreparable harm") (citation omitted). But "[c]onstitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a [stay on appeal]." *Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir. 1989). The Yucaipas cite numerous cases where courts have stated that alleged constitutional violations constitute irreparable harm. But those statements were all made in the context of a preliminary injunction application where the alleged constitutional violation was either threatened or ongoing. Here, the alleged constitutional violation has already occurred; it is not ongoing, and there is no threat that it will occur again. If the Yucaipas were

4

deprived of their right to a jury trial, that harm will be fully rectified by my overturning the Bankruptcy Court's judgment and giving the Yucaipas the opportunity to try their claims before a jury.

Because the Yucaipas have failed to make the requisite showing of irreparable harm, I need not and do not address the remaining factors relevant to a stay application.

## III.

The Yucaipas argue in the alternative that "[f]or the same reasons that a stay pending appeal should be granted under Rule 8007, the Court should also stay the enforcement of the Rule 54(b) judgment pursuant to Rule 62(h)." D.I. 4 at 27. Accordingly, I will deny this alternative request for the same reasons that a stay should not be granted under Rule 8007.

The Yucaipas also argue in the alternative that I "should exercise [my] discretion [under Rule 62(h)] and not impose a bond on Yucaipa as a condition of a stay pending appeal." D.I. 4 at 27. Rule 62(h) provides that

> [a] court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and *may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.*

Fed. R. Civ. P. 62(h) (emphasis added). The Yucaipas argue that the second clause of Rule 62(h) (the "may prescribe terms necessary" clause) empowers me to

5

dispense with a bond in this case. But the second clause of Rule 62(h) applies only if the court grants a stay pursuant to the first clause of the Rule, and, as already noted, I have decided to deny the Yucaipas' request for a stay under Rule 62(h).

Finally, I note that to the extent I otherwise have discretion to waive the bond requirement under Rule 62(b), I would decline to do so in this case. "[I]t is generally recognized that such discretion should be exercised only in exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest." *United States v. Beeman*, No. 1:10-CV-237-SJM, 2011 WL 3021789, at *4 (W.D. Pa. July 22, 2011). The Yucaipas have not demonstrated exceptional circumstances that would make it impossible or impractical for them to post an appropriate bond to secure the Trustee's interest in the judgment at issue. *See In re W.R. Grace*, 475 B.R. 34, 209 (D. Del. 2012) (recognizing that "if the movant seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement") (internal quotations and citations omitted); *Ryan v. Asbestos Workers Union Loc. 42 Pension Fund*, 2002 WL 87470, at *1 (D. Del. Jan. 22, 2002) (denying motion to stay bond requirement because "[t]he defendants have made no showing that posting the bond would be impossible or impractical.").

IV.

For the reasons discussed above. I will deny the Yucaipas' motion (D.I. 4). The Court will issue an Order consistent with this Memorandum Opinion.